IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNIE PERRY, #B61949, | ) |
|                   Plaintiff, | ) |
| vs. | ) Case No. 18-cv-01581-SMY |
| KAREN JAIMET, S. THOMPSON, A. BUTALID, B. BLUM, CHRISTINE BROWN, JOHN BALDWIN, STATE OF ILLINOIS, WEXFORD, ILLINOIS DEPT. OF CORRECTIONS and PINCKNEYVILLE CORRECTIONAL CENTER HEALTH CARE UNIT, | ) |
|                   Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lennie Perry, an inmate who is currently incarcerated at Dixon Correctional Center ("Dixon"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims that officials at Pinckneyville ("Pinckneyville") and Stateville Correctional Centers ("Stateville") subjected him to unconstitutional conditions of confinement and the denial of medical care, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. (Doc. 1, pp. 1-145). Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.[1] (Doc. 1, pp. 45-46).

---

[1] Plaintiff's request for injunctive relief appears to be moot because he is no longer confined at Stateville or Pinckneyville. Only if Plaintiff can show a realistic possibility that he would again be incarcerated at one of these facilities under the conditions described in the Complaint would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The Plaintiff's Complaint does not survive screening.

## Discussion

The United States District Court for the Northern District of Illinois has already screened Plaintiff's Complaint (originally filed in *Perry v. Pfiterfo*, No. 18-cv-02447 (N.D. Ill. 2018)) ("prior case"). The Northern District allowed Plaintiff to proceed with his claims against officials at Stateville, but all other claims against officials at Pinckneyville and the Illinois Department of Corrections ("IDOC") were dismissed without prejudice. (Doc. 36, prior case). This includes claims against these officials that were addressed on the merits. (Doc. 36, p. 4, prior case) ("The balance of Plaintiff's claims concern the handling of his grievances, the grievance procedure generally, and the inadequate medical treatment he has received at Pinckneyville Correctional Center since arriving there on January 26, 2018. With regard to the grievance process, Plaintiff has failed to state a claim. . . .").

Rather than preparing a new Complaint that focuses only on his claims against Pinckneyville and IDOC officials, Plaintiff refiled virtually the same Complaint in this District. (Doc. 1). He simply crossed out the names of the Stateville defendants (Doc. 1, pp. 3, 11-12), omitted two pages of allegations (Doc. 1, pp. 38-39, prior case), and added numerous additional exhibits (*see e.g.*, Doc. 1, pp. 5-9). Plaintiff indicates that the Northern District instructed him to

refile his claims in this District, but he points to no instructions directing him to refile the same Complaint. (Doc. 1, p. 10).

This Court will not duplicate the Northern District's efforts by screening the same Complaint again, nor will it comb through the now 145-page document in search of the allegations and exhibits that pertain to Plaintiff's claims against Pinckneyville and IDOC officials. Not only would doing so be unnecessarily burdensome on the Court, it would also require the Court to decide which allegations support Plaintiff's claims and which claims are central to this case. Plaintiff is the master of his lawsuit, and as such, he must decide which claims to bring in this action and what facts to offer in support of the claims.

As it stands, some of the claims appear to be parallel or duplicative of claims Plaintiff is already pursing in his prior case. As a general rule, a district court may dismiss a federal suit "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976); *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir. 1979)). Generally speaking, two suits are duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Ridge Gold*, 572 F. Supp. at 1213 (citations omitted).

Because Plaintiff struck the names of the Stateville officials from the list of defendants, the Court cannot conclude that this matter should be dismissed because it is entirely duplicative of the prior case. That said, the Court also cannot screen the Complaint as filed. This would potentially result in inconsistent rulings by two federal courts.

Further, the current Complaint violates Rule 8 of the Federal Rules of Civil Procedure, which requires a Complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 8(d) requires that each allegation within the Complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

While length alone does not typically warrant dismissal of a Complaint, length combined with unintelligibility and a lack of organization do. *Stanard*, 658 F.3d a 797-98; *Garst*, 328 F.3d at 378. "Length may make a complaint unintelligible[ ] by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Garst*, 328 F.3d at 378. Plaintiff's Complaint presents this problem. He has buried potentially viable claims against Pinckneyville and IDOC officials in a Complaint that addresses claims he is already pursuing against Stateville officials.

For the foregoing reasons, the Complaint will be dismissed without prejudice. Plaintiff will have an opportunity to file an amended complaint that focuses on a single claim or a single set of related claims against the Pinckneyville and IDOC officials. If he chooses to file an amended complaint, Plaintiff must follow the instructions and deadline for doing so in the below disposition or face dismissal of this action. *See* FED. R. CIV. P. 41(b).

### Pending Motions

1. **Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. A district court faced with a request for counsel must ask two questions: (1) has the indigent

plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)). Plaintiff discloses a single attempt to locate counsel on his own. Although unsuccessful, the Court does not conclude that this single attempt is sufficient to warrant the Court's intervention and recruitment of counsel at this time. Further, until Plaintiff files an amended complaint that properly focuses his claims, the Court cannot fully evaluate the complexity of this case or Plaintiff's ability to litigate it. Given that his Complaint already survived screening in another federal judicial district, Plaintiff appears competent to prepare pleadings, meet deadlines, and litigate his claims *pro se*. The motion is therefore denied without prejudice, and the Court remains open to recruiting counsel at any time during the pending action that Plaintiff wishes to renew his motion.

2. **Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as unnecessary. Plaintiff is proceeding *in forma pauperis* in this § 1983 case. Under the circumstances, service will be ordered as a matter of course on any defendant who remains in this action after the amended complaint is screened and survives review under § 1915A.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for noncompliance with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within twenty-eight days **(on or before November 1, 2018)**, if he intends to proceed with his claims in this matter. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed. *See* FED. R. CIV.

P. 41(b).  *See also Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.  Further, the dismissal may count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for such use in this District.  He should label the form, "First Amended Complaint," and he should use the case number for *this* action, *i.e.*, No. 18-cv-01581-SMY.  The First Amended Complaint shall focus on a single claim or set of *related* claims against the defendant(s).  Plaintiff shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant.  In other words, Plaintiff must explain who did what to violate his federal rights.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  He should also make every effort to prepare a short complaint.  Plaintiff should *include only related claims* in his new complaint.  Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the

amended pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 4, 2018**

s/ STACI M. YANDLE
**U.S. District Judge**