IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNIE PERRY, #292470, (IDOC #B61949), | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 18-cv-01581-SMY<br>) |
| KAREN JAIMET,<br>S. THOMPSON,<br>A. BUTALID,<br>B. BLUM,<br>CHRISTINE BROWN,<br>JOHN BALDWIN,<br>WEXFORD and<br>ILLINOIS DEPT. OF CORRECTIONS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Lennie Perry while he was in the custody of the Illinois Department of Corrections.[1] (Doc. 13). Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations arising from the denial of adequate medical care at Pinckneyville Correctional Center ("Pinckneyville").[2] (Doc. 13, p. 6). He seeks monetary damages and injunctive relief[3] against the defendants. (Doc. 13, p. 7).

---

[1] Plaintiff is now in federal custody and detained at Kendall County Jail in Yorkville, Illinois. (Doc. 15).
[2] Plaintiff originally filed this action in the United States District Court for the Northern District of Illinois against officials at Stateville and Pinckneyville Correctional Centers. *Perry v. Pfiterfo*, No. 18-cv-02447 (N.D. Ill. 2018) ("prior case"). He was allowed to proceed with his claims against the Stateville officials. *See id*. His claims against the Pinckneyville officials were dismissed without prejudice. (Doc. 36, prior case). Plaintiff re-filed the same Complaint in this District and was ordered to file a First Amended Complaint focusing only on his claims against the Pinckneyville officials. (Docs. 11 and 13).
[3] Plaintiff specifically requests "proper medical treat[ment] while in I.D.O.C. custody" (Doc. 13, p. 7) and includes a motion to stop all retaliation against him (Doc. 13, pp. 28-30). As previously indicated in the

1

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's First Amended Complaint does not survive screening.

## The First Amended Complaint

In his First Amended Complaint, Plaintiff makes the following allegations: Plaintiff asserts that he was denied adequate medical treatment by the defendants for several undisclosed medical conditions[4] from January 27, 2018 until September 5, 2018. (Doc. 13, p. 6). Consequently, Plaintiff "start[ed] to suffer [from] sleep deprivation, anxiety attacks, severe migraines, acid reflux problems, hypertension issues, nutritional issues, [sleep apnea], and arthritis pains." *Id*.

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

**Count 1:** Defendants denied Plaintiff adequate medical care for his serious medical conditions at Pinckneyville from January 27, 2018 until September 5, 2018, in violation of his Eighth Amendment rights.

---

Order Dismissing Complaint (Doc. 11, p. 1), Plaintiff's request for injunctive relief appears to be moot because he is no longer confined at Pinckneyville and is now in federal custody. Only if Plaintiff can show a realistic possibility that he would again be incarcerated in an IDOC facility under the conditions described in the First Amended Complaint would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009)).

[4] Based on the exhibits Plaintiff filed with the First Amended Complaint, it appears that his medical conditions may include gastric sleeve surgery, related dietary restrictions, hypertension, and sleep apnea. (Doc. 13, pp. 8-32).

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[5]

## Discussion

The Eighth Amendment prohibits the cruel and unusual punishment of convicted persons. U.S. CONST. amend VIII. To state a claim for the denial of medical care under the Eighth Amendment, Plaintiff must plead sufficient facts to suggest that (1) he suffered from a sufficiently serious medical condition (objective standard), and (2) state officials responded with deliberate indifference (subjective standard). *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Plaintiff has not adequately pled the objective component of this clam. Specifically, he has not identified the medical conditions that support his claim against the defendants. (Doc. 13, p. 6). In the statement of his claim, Plaintiff asserts that the denial of medical care for his medical condition(s) caused him to "start" suffering from anxiety, migraines, acid reflux, hypertension, nutritional issues, cessation of breathing during sleep, and arthritis pains. *Id*. In the exhibits, he alludes to several possible underlying conditions, including sleep apnea, hypertension, gastric sleeve surgery, and certain dietary restrictions. (Doc. 13, pp. 8-32). However, Plaintiff has not identified which of these conditions (or any others) gave rise to his claim.

Plaintiff has also failed to satisfy the pleading requirements for the subjective component of this claim. For all claims brought pursuant to Section 1983, the plaintiff must establish that he was deprived of a constitutionally protected right by a defendant who acted under color of state law. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993). Relatedly, a

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

governmental official may not be held liable under Section 1983 for the unconstitutional conduct of a subordinate because the doctrine of *respondeat superior* is inapplicable in this context. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Instead, liability requires personal involvement in or personal responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted).

To demonstrate that each defendant responded with deliberate indifference, Plaintiff must associate specific defendants with the denial of his medical care. *Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). In other words, Plaintiff must explain what each defendant did (or failed to do) in response to his request for medical care. Where a plaintiff has not included the name of a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *Id*. Merely invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Plaintiff generally refers to the defendants in his statement of claim but fails to explain how each one violated his right to receive medical care at Pinckneyville. *Id*. He alludes to seventeen grievances that he filed in connection with his medical needs, but includes a copy of only one with his First Amended Complaint.[6] (Doc. 13, pp. 8-9). That grievance was not handled by any of the named defendants. (Doc. 13, p. 8). Because he has failed to connect any specific defendant with the alleged deliberate indifference to his medical needs, Plaintiff's First Amended Complaint will be dismissed without prejudice.

---

[6] In addition, Plaintiff includes his wife's affidavit (Doc. 13, pp. 12-15), several inmate affidavits (Doc. 13, pp. 16-22), medication lists and labels (Doc. 13, pp. 23-24, 31-32), medical permits (low bunk, low gallery, CPAP machine) (Doc. 13, pp. 25-27), and a motion to stop retaliation (Doc. 13, pp. 28-30).

Plaintiff will have an opportunity to file a Second Amended Complaint that briefly describes the medical condition(s) requiring treatment at Pinckneyville, the requests Plaintiff made for treatment to each defendant, and the response he received from each one. **Plaintiff must follow the instructions and deadline in the below disposition or face dismissal of this action.** *See* FED. R. CIV. P. 41(b).

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint (Doc. 13) is **DISMISSED** without prejudice for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" within twenty-eight days **(on or before February 15, 2019)**, if he intends to proceed with this matter. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed. *See* FED. R. CIV. P. 41(b). *See also Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal will count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for such use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action, *i.e.*, No. 18-cv-01581-SMY. The Second Amended Complaint shall focus on a single claim or set of *related* claims against the defendant(s). Plaintiff shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. In other words, Plaintiff must explain who did what to violate his federal rights. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.

Plaintiff should also make every effort to prepare a short Complaint. He should *include only related claims* in his new Complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees may be assessed. To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form along with a copy of the First Amended Complaint (Doc. 13).

An amended complaint supersedes and replaces all prior versions, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with the amended pleading. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:** 1/28/2019

                                                  s/ STACI M. YANDLE
                                                  **U.S. District Judge**