IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNIE PERRY, #292470, (IDOC #B61949), | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-01581-SMY ) |
| KAREN JAIMET, S. THOMPSON, A. BUTALID, B. BLUM, CHRISTINE BROWN, JOHN BALDWIN, WEXFORD, ILLINOIS DEPT. OF CORRECTIONS, DEBBIE KNAUER, JOHN/JANE DOE GRIEVANCE OFFICER, NURSE ABBY, and COUNSELOR LOOS, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for preliminary review of the Second Amended Complaint filed by Plaintiff Lennie Perry regarding his prior incarceration in the Illinois Department of Corrections.[1] (Doc. 29). Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations arising from the denial of adequate medical care at Pinckneyville Correctional Center ("Pinckneyville").[2] He seeks monetary damages. (Doc. 29, p. 11).

---

[1] Plaintiff is now in federal custody and detained at Kendall County Jail in Yorkville, Illinois. (Doc. 15).
[2] Plaintiff originally filed this action in the United States District Court for the Northern District of Illinois against officials at Stateville and Pinckneyville Correctional Centers. *Perry v. Pfiterfo*, No. 18-cv-02447 (N.D. Ill. 2018) ("prior case"). He was allowed to proceed with his claims against the Stateville officials.

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's Second Amended Complaint does not survive screening.

## Second Amended Complaint

Plaintiff's Second Amended Complaint (Doc. 29) is 11 pages with an additional 24 pages of exhibits and contains the following allegations: Upon Plaintiff's arrival at Pinckneyville in January 2018, he informed nurse Abby of his various medical conditions including: his need for a CPAP machine; pantoprazole for acid reflux; vitamin D2 because of gastric sleeve; losartan and amlodipine besylate for blood pressure; acetaminophen for arthritis; a low sodium diet for blood pressure; a protein boost diet for gastric sleeve; and, other medical permits (*Id.* at 6-7). Nurse Abby noted the conditions and sent Plaintiff back to the Pinckneyville processing center (*Id.*). During the orientation at Pinckneyville, Plaintiff learned that he should address medical needs to Christine Brown, and he subsequently did so via institutional mail on July 31, 2018 (*Id.*).

On February 6, 2018 and on multiple subsequent dates, Plaintiff attempted to use the grievance process to address his medical needs (*Id.* at 7-8). He appended a copy of the February 6, 2018 grievance to the Complaint, as well as the responses from the counselor, grievance officer, chief administrative officer, and Administrative Review Board ("ARB") (*Id.* at 12-14). The

---

*See id*. His claims against the Pinckneyville officials were dismissed without prejudice. (Doc. 36, prior case). Plaintiff re-filed the same Complaint in this District and was ordered to file a First Amended Complaint focusing only on his claims against the Pinckneyville officials. (Docs. 11 and 13). He was subsequently directed to file a second amended complaint, which is now before the Court for review.

counselor and grievance officers' responses indicate that medication was ordered for Plaintiff's hypertension and gastric sleeve issues, and that previous records show no CPAP during incarceration, so his family would have to supply a machine (*Id.*). The grievance officer noted that Plaintiff was seen by healthcare on April 5, 2018 and expressed no further complaints (*Id.* at 13). The ARB declined review of the February 6, 2018 grievance because Plaintiff's request for review was untimely (*Id.* at 14). In addition to his own grievances, Plaintiff's wife tried to contact Warden Karen Jaimet about his medical needs (*Id.* at 8).[3]

On February 14, 2018 and March 31, 2018, Plaintiff saw Drs. Butalid and Blum, who he alleges were only concerned with his blood pressure (*Id.* at 8). (The grievance officer response to the February 6, 2018 grievance contradicts this assertion; the healthcare notes provided for those dates indicate that the doctors prescribed blood pressure and stomach medications (*Id.* at 12, 13)).

Defendant S. Thompson is responsible for medical care at Pinckneyville, but never responded to Plaintiff's correspondence (*Id.* at 9).

In support of his claims about sleep apnea, Plaintiff submitted written affidavits from several former cellmates, who averred that he occasionally stopped breathing in his sleep (*Id.* at 8, 19, 20, 23-24). He also submitted medical permits dated July 2, 2018 and September 12, 2018, authorizing him to have a CPAP machine at Dixon Correctional Center (*Id.* at 27, 29-30). In support of his request for various medications, he submitted a list of medications he believed he needed and prescription slips allegedly showing he was not getting adequate prescriptions or and refills (*Id.* at 25-26, 34-35).

Additionally, Plaintiff submitted his own March 2018 affidavit, wherein he states that he was not receiving responses to grievances or emergency requests (*Id.* at 21-22). He also submitted

---

[3] Plaintiff submitted an affidavit and phone records from his wife (*Id.* at 15-17).

a letter, previously tendered in this case after he filed his First Amended Complaint, indicating he had a CPAP machine as of July 2, 2018, but still needed other medical issues to be addressed. (*Id.* at 21-22, 31-33).[4]

Based on the allegations in the Second Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** Eighth Amendment deliberate indifference by Nurse Abby for learning of Plaintiff's medical conditions without responding;
>
> **Count 2:** Eighth Amendment deliberate indifference against medical personnel at Pinckneyville for failing to expediently address Plaintiff's medical needs;
>
> **Count 3:** Eighth Amendment deliberate indifference against administrative personnel at Pinckneyville and the ARB for failing to respond to Plaintiff's pleas for medical attention;
>
> **Count 4:** Negligence under Illinois law for failing to address Plaintiff's medical needs.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[5]

## **Applicable Law**

The Eighth Amendment prohibits the cruel and unusual punishment of convicted persons. U.S. CONST. amend VIII. To state a claim for the denial of medical care under the Eighth Amendment, a plaintiff must plead facts sufficient to suggest that (1) he suffered from a sufficiently serious medical condition (objective standard), and (2) state officials responded with deliberate indifference (subjective standard). *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

---

[4] Plaintiff specifically includes two enumerated Counts in his filing; Count 1 for deliberate indifference to sleep deprivation, anxiety attacks, severe migraines, acid reflux, hypertension, nutrition, arthritis pains, and nightmares because of sleep apnea; and, Count 2 for negligence under Illinois law (*Id.* at 10).
[5] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (an action fails to state acclaim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give inmates a constitutional right to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). And the mere fact that a prescribed treatment has proven ineffective does not rise to the level of deliberate indifference. *Duckworth*, 532 F.3d at 680.

For all § 1983 claims, the plaintiff must establish he was deprived of a constitutionally protected right by a defendant who acted under color of state law. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993). Relatedly, a governmental official may not be held liable under § 1983 for the unconstitutional conduct of a subordinate because the doctrine of *respondeat superior* is inapplicable in this context. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Liability requires personal involvement in or personal responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted). A supervising official may incur liability for "deliberate, reckless indifference" only where he or she has purposefully ignored the misconduct by subordinates. *Sanville*, 266 F.3d at 740 (*discussing Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might

see.")).

To demonstrate that each defendant responded with deliberate indifference, Plaintiff must associate specific defendants with the denial of his medical care. *Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). In other words, Plaintiff must explain what each defendant did (or failed to do) in response to his request for medical care. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (a defendant must be "personally responsible for the deprivation of a constitutional right" to be held liable).

Where a plaintiff has not included the name of a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. *Id*. Merely invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

## Discussion

### Count 1 – Nurse Abby

Plaintiff alleges he informed Nurse Abby of his various medical conditions during an intake screening at Pinckneyville. Some of those conditions are objectively serious under the deliberate indifference standard. For example, the need for blood pressure medications, or vitamins after a gastric sleeve procedure, are serious ongoing conditions. However, Plaintiff's allegations do not suggest subjective indifference by Nurse Abby. He also does not allege that he saw her on more than one occasion or complained to her about a lack of follow-up after he reported medical conditions to her. There is no indication that she acted with such disregard that she delayed or exacerbated his serious conditions. *See Gomez,* 680 F.3d at 865. Thus, Plaintiff has failed to state

a claim as to Nurse Abby.

### Count 2 – Medical Defendants

Plaintiff alleges that he notified Christine Brown of his need for medical care. But he merely states that informed her of his need for treatment by institutional mail on July 31, 2018. He offers no facts as to what he actually communicated to her. Without more, Plaintiff cannot state a viable claim against Brown.

Plaintiff alleges that Drs. Butalid and Blum were only concerned with his blood pressure, but the grievances that he submitted indicate that they gave him prescriptions for blood pressure and his gastric sleeve stomach issues. Moreover, a notation in the response to Plaintiff's February 6, 2018 grievance states that he reported no additional problems at a follow-up on April 5, 2018.

Finally, Plaintiff's bare assertion that Wexford is responsible for medical care in the Illinois Department of Corrections is insufficient state a claim against Wexford. *Shields v. Illinois Dept. of Corrections,* 746 F.3d 782 (7th Cir. 2014). To state such a claim, Plaintiff must allege that Wexford had a policy, custom, or practice in place that led to a constitutional deprivation. Plaintiff made no such allegation, and has therefore failed to state a viable Eighth Amendment claim against Wexford.

### Count 3 – Prison Administrators

A prison official can be liable for deliberate indifference to a medical condition if he or she purposefully ignored claims that subordinates were not providing care. Here, Plaintiff's February 6, 2018 grievance was responded to by numerous individuals. The responses to the grievance note that Plaintiff received blood pressure and gastric sleeve medication, and that he was notified he could secure his own CPAP machine.

Additionally, Plaintiff's allegations against the prison administrators are vague. He

mentions Defendants Counselor Loos, John Doe Grievance Officer, Karen Jaimet, Debbie Knauer, John Baldwin and Warden S. Thompson, but he does not articulate how any of these individuals wronged him. Thus, Plaintiff has failed to state a colorable deliberate indifferent claim against any of these individuals.

## Count 4 – State Law Negligence

Because Plaintiff has failed to state a federal claim, the Court need not exercise supplemental jurisdiction over an Illinois state law claim for negligence. Additionally, the Second Amended Complaint does not set forth specific facts associated with this legal theory. Therefore, the claim has not been properly presented and the Court will not entertain it.

## Conclusion

For the foregoing reasons, Plaintiff's Second Amended Complaint fails to state a claim for which relief can be granted. Leave to amend need not be granted when further amendment would be futile. *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011). "[F]utile repleadings include restating the same facts using different language, *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983), reasserting claims previously determined, *id.*, failing to state a valid theory of liability, *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979), and the inability to survive a motion to dismiss, *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985)." *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994). Here, Plaintiff has had many opportunities to amend his filings and to plead a viable case before this District and the Northern District of Illinois. Nevertheless, the Second Amended Complaint brings the same conclusory allegations with little or no elaboration. It is clear that giving Plaintiff leave to amend would be futile and therefore, the Court finds it appropriate to dismiss the case with prejudice for failure to state a claim.

Accordingly, it is hereby **ORDERED** that Counts 1-4 shall be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. No claims against any defendant survive this disposition. Plaintiff is advised that this dismissal shall count as one of his allotted strikes under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED: July 12, 2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**