# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNIE PERRY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-1581-SMY ) |
| KAREN JAIMET, *et al.*, | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff Lennie Perry's Motion for Reconsideration (Doc. 32). Plaintiff seeks reconsideration of the Court's dismissal of this *pro se* civil rights action with prejudice for failure to state a claim (Docs. 30 and 31). He requests the Court to amend its Judgment to dismissal with leave to amend.

Plaintiff originally filed a Complaint in the Northern District of Illinois against officials associated with Stateville Correctional Center, Pinckneyville Correctional Center and the Illinois Department of Corrections ("IDOC"). *See Perry v. Pfiterfo*, No. 18-cv-02447 (N.D. Ill. 2018). The Northern District screened the Complaint pursuant to 28 U.S.C. § 1915A and allowed the Stateville-related claims to proceed but dismissed the Pinckneyville and IDOC claims without prejudice. (Doc. 11, p. 3).

Plaintiff refiled essentially the same 145-page Complaint in this case, simply crossing out the names of the Stateville Defendants and creating confusion as to which claims were duplicative of the prior case and what allegations related to Pinckneyville and IDOC were being asserted. This Court dismissed the Complaint without prejudice upon § 1915A screening for failure to abide by Federal Rule of Civil Procedure 8 and gave Plaintiff leave to amend. (*Id.*).

1

Plaintiff filed a First Amended Complaint (Doc. 13), which was dismissed without prejudice for failure to state a claim due to broad and conclusory allegations which failed to plead adequate personal involvement in the alleged deprivation of medical care. (Doc. 21). Plaintiff then filed a Second Amended Complaint (Doc. 29), which was again dismissed for failure to state a claim. (Doc. 30). Given the fact that Plaintiff, having had three opportunities to state a claim failed to do so, the Court dismissed the case with prejudice. (*Id.*).

The Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration. However, such motions are routinely filed and are generally treated as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or motions for relief from judgment under Federal Rule of Civil Procedure 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). A Rule 59 motion must be filed within 28 days of the order being challenged. Plaintiff filed the instant Motion within that timeframe.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Plaintiff concedes that dismissal of the Second Amended Complaint was warranted because it was "legally defective for the reasons identified b[y] this [C]ourt." (Doc. 32, p. 1). That said, he argues that dismissal of the case with prejudice and without leave to make a fourth attempt to state a claim was an error of law.

"Although leave to amend should be freely given, that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). District courts have "broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* In this case, Plaintiff repeatedly failed to cure the deficiencies in his

Complaints notwithstanding instructions and guidance from the Court. Thus, the Court reasonably exercised its discretion to dismiss his lawsuit with prejudice rather than afford him an infinite number of opportunities to restate the same legally insufficient facts in different terms. This was not a manifest error of law, and Plaintiff is not entitled to relief under Rule 59. Accordingly, Plaintiff's Motion for Reconsideration (Doc. 32) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 17, 2020**

                **s/ STACI M. YANDLE**
                **United States District Judge**